# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **SIMONE GRABOSKIE,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **No.  1:25-cv-00876-ADA-DH** |
| | § | |
| **COMMISSIONER OF SOCIAL** | § | |
| **SECURITY,** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D. ALBRIGHT
      UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Simone Graboskie's opening brief, Dkt. 6, Defendant Commissioner of Social Security's brief in support of the Commissioner's decision, Dkt. 8, and Graboskie's reply brief, Dkt. 9. After reviewing the briefing and the relevant law, the undersigned recommends that the District Judge vacate the decision of the Social Security Commissioner and remand the case.

## I.      GENERAL BACKGROUND

Graboskie filed an application for a period of disability and disability insurance benefits due to neuroendocrine tumors, a prolapsed bladder, post-traumatic stress disorder, and skin rashes. Dkt. 5-6, at 2. She alleged a disability period beginning on December 31, 2017, and her date last insured was December 31, 2023.  Dkt. 5-5, at 2, 7. After administrative-level denials, the administrative law judge ("ALJ") conducted a hearing. Dkt. 5-2, at 28. The ALJ issued an unfavorable decision, finding that Graboskie was not disabled. *Id.* at 15-21. The Appeals Council denied review of the

ALJ's decision. *Id.* at 2-4. Having exhausted her administrative remedies, Graboskie filed this civil action pursuant to 42 U.S.C. § 405(g). *See* Dkt. 1.

At step one of the disability analysis, the ALJ determined that Graboskie had not engaged in substantial gainful activity during the period from her alleged onset date of December 31, 2017, through her date last insured of December 31, 2023. Dkt. 5-2, at 17. At step two, the ALJ found that Graboskie had a severe impairment of bladder prolapse status post repair surgery. *Id.* at 17-19.

At step three, the ALJ found that Graboskie did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. *Id.* at 19. Next, the ALJ found that Graboskie had the Residual Functioning Capacity ("RFC") to perform the full range of medium work as defined in 20 C.F.R. § 404.1567(c), that is, lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. *Id.* at 19.

The ALJ found that while Graboskie's medically determinable impairments could reasonably be expected to cause the alleged symptoms, her statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely supported by the record. *Id.* at 20. The ALJ found that the evidence "failed to demonstrate the presence of pathological clinical signs, objective medical findings, or neurological abnormalities that would establish pain of such severity that would preclude the claimant's engaging in any and all substantial gainful activity." *Id.* The ALJ points to the fact that although Graboskie has a history of bladder prolapse,

underwent surgeries, and reported some pain, her physical examinations were mostly "normal" and "unremarkable." *Id.* at 20-21.

At step four, the ALJ determined that Graboskie had no past relevant work. *Id.* at 21. At step five, the ALJ found that Graboskie could perform a significant number of jobs in the national economy and was therefore not disabled. *Id.* at 21-22.

Graboskie makes two arguments in support of her request for remand: (1) "the ALJ failed to develop the record by obtaining medical opinion evidence and impermissibly based his RFC finding on his own lay speculation"; and (2) "the ALJ failed to include the mental limitations he identified in the record in the RFC or explain their omission." Dkt. 6, at 2.

## II.    STANDARD OF REVIEW

The Social Security Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether a claimant is able to engage in "substantial gainful activity" (and therefore if she is disabled), the Social Security Commissioner uses a five-step analysis:

> (1) a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are; (2) a claimant will not be found to be disabled unless she has a "severe impairment"; (3) a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors; (4) a claimant who is capable of performing work that she has done in the past must be found "not disabled"; and (5) if the claimant is unable to perform her previous work as a result of her impairment, then factors such as her

age, education, past work experience, and residual functional capacity
must be considered to determine whether she can do other work.

20 C.F.R. § 404.1520; *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994). A finding

of disability or no disability at any step is conclusive and terminates the analysis.

*Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). The claimant has the burden

of proof for the first four steps; at step five, the burden initially shifts to the

Commissioner to identify other work the applicant can perform. *Selders v. Sullivan*,

914 F.2d 614, 618 (5th Cir. 1990). Then, if the Commissioner "fulfills his burden of

pointing out potential alternative employment, the burden ... shifts back to the

claimant to prove that he is unable to perform the alternate work." *Id.* (citation

omitted).

Congress has limited judicial review of the Commissioner's final decision under

the Social Security Act to two inquiries: (1) whether substantial evidence supports

the Commissioner's decision; and (2) whether the Commissioner correctly applied the

relevant legal standards. 42 U.S.C. § 405(g); *Kinash v. Callahan*, 129 F.3d 736, 738

(5th Cir. 1997). Substantial evidence is more than a scintilla of evidence but less than

a preponderance—in other words, "such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion." *Martinez v. Chater*, 64 F.3d 172,

173 (5th Cir. 1995).

The Court considers four elements of proof when determining whether there

is substantial evidence of a disability: (1) objective medical facts; (2) diagnoses and

opinions of treating and examining physicians; (3) the claimant's subjective evidence

of pain and disability; and (4) the claimant's age, education, and work history. *Id.* at

174. Yet the reviewing court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner. *Greenspan*, 38 F.3d at 236. The Court may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). If the Court finds substantial evidence to support the decision, the Court must uphold the decision. *Selders*, 914 F.2d at 617 ("If the ... findings are supported by substantial evidence, they are conclusive and must be affirmed."); 42 U.S.C. § 405(g). A finding of no substantial evidence will only be made where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). Notwithstanding legal error, remand is warranted only if an ALJ's error is harmful. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988).

## III.    ANALYSIS

As stated above, Graboskie argues in this appeal that (1) "the ALJ failed to develop the record by obtaining medical opinion evidence and impermissibly based his RFC finding on his own lay speculation"; and (2) "the ALJ failed to include the mental limitations he identified in the record in the RFC or explain their omission." Dkt. 6, at 2. The undersigned agrees with Graboskie that the ALJ erred in making an RFC determination based on his own interpretation of medical evidence. Accordingly, the undersigned will recommend that the District Judge vacate the Commissioner's decision finding Graboskie not disabled and remand this case for

further proceedings consistent with this opinion. The Court need not reach Graboskie's second point of error.

An RFC determination denotes the most an individual can still do despite her limitations. 20 C.F.R. § 404.1545(a)(1). The RFC determination is the "sole responsibility of the ALJ." *Taylor v. Astrue*, 706 F.3d 600, 602-03 (5th Cir. 2012) (quoting *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995)). When making the RFC determination, the ALJ must consider the totality of evidence in the record, including all medical opinions. *Id.*; 42 U.S.C. § 405(b)(1); 20 C.F.R. § 404.1529(a)-(d).

An ALJ's RFC need not match a medical opinion so long as substantial evidence supports it. *Myers v. Saul*, No. SA-20-CV-00445-XR, 2021 WL 4025993, at *8 (W.D. Tex. Sept. 3, 2021). Yet, "the Fifth Circuit has made clear that an ALJ 'may not—without opinions from medical experts—derive the applicant's residual functional capacity based solely on the evidence of his or her claimed medical conditions.'" *Sprowl v. Comm'r of Soc. Sec.*, 794 F. Supp. 3d 477, 485 (W.D. Tex. 2025) (quoting *Williams v. Astrue*, 355 F. App'x 828, 832 n.6 (5th Cir. 2009)). "Rather, the ALJ has a 'duty to develop the facts fully and fairly relating to an applicant's claim for disability benefits.'" *Id.* (quoting *Ripley*, 67 F.3d at 557). An ALJ's RFC determination is improperly based on his lay opinion when substantial evidence does not support the RFC. *See Taylor*, 706 F.3d at 602.

The only state agency medical consultants to review the evidence in Graboskie's case determined there was insufficient evidence prior to Graboskie's date last insured to establish disability. Dkt. 5-3, at 3-4 (examination by Gulnara

Martorella M.D.), 5 (examination by Howard Leizer, Ph.D.). On reconsideration, two more state agency medical consultants concluded the evidence of disability was "still not sufficient." *Id.* at 9-11. Graboskie points out—and the Commissioner does not dispute—there were no other medical opinions in the record. *See* Dkts. 6, at 4; 8, at 3-4. Instead, the Commissioner argues that the administrative record "contained sufficient evidence to assess Plaintiff's disability status, despite the lack of opinion evidence," and moreover that Graboskie cannot demonstrate prejudice as required for reversal. Dkt. 8, at 4.

The undersigned agrees with Graboskie that the ALJ failed to properly develop the record. District courts in this circuit routinely vacate RFC determinations that are "not supported by an actual medical opinion and instead are based on the ALJ's subjective interpretation of the medical data in the record." *Tiede v. Dudek*, 770 F. Supp. 3d 965, 971 (W.D. Tex. 2025) (collecting cases). Further, an RFC determination is "even more problematic" where the record "never contained *any* medical opinion regarding Plaintiff's ability to work." *Id.* For example, in *Tiede*, the state agency medical consultants concluded on initial review and reconsideration that there was "insufficient evidence to determine the severity of Plaintiff's mental or physical impairments." *Id.* at 972. Neither these consultants nor any other medical expert made any finding about the plaintiff's functional abilities. *Id.* The Court concluded that although the ALJ had relied on other evidence in the record to support her decision, the Commissioner failed to show "any evidence in the record the ALJ relied upon to establish 'the effect Plaintiff's condition had *on her ability to work.*'" *Id.* (citing

7

*Ripley*, 67 F.3d at 557) (cleaned up). Because the record said "nothing regarding [plaintiff's] exertional capacity and for how long it could be sustained," the only evidence regarding the plaintiff's ability to work was her own testimony. *Id.* The Court concluded the plaintiff's own testimony was not sufficient evidence to support the decision. *Id.*; *see also Griffin v. O'Malley*, No. SA-23-CV-01090-FB, 2025 WL 440284, at *8 (W.D. Tex. Jan. 17, 2025) ("Substantial evidence does not support an ALJ's RFC determination where the ALJ rejects all medical opinions of record, and there is no evidence addressing the effects of a claimant's impairments on the ability to work.").

In Graboskie's case, the ALJ considered records from examinations by Graboskie's doctors. *See* Dkt. 5-2, at 20-21. But none of those records made any assessment of Graboskie's ability to work. The ALJ evaluated the records and concluded that they were largely "unremarkable" and "normal" without the benefit of any medical opinion. *See id.* He then determined based on the unremarkable examinations that Graboskie could perform the full range of medium work, but he offered no rationale connecting Graboskie's medical records with her ability to work. *See id.* Because the ALJ based his decision on a record stating "nothing regarding [Graboskie's] exertional capacity and for how long it could be sustained," the only evidence regarding Graboskie's ability to work was her own testimony. *See Tiede*, 770 F. Supp. 3d at 972. This was impermissible. *See id.*

The Commissioner suggests this case is unique from other cases in which the ALJ failed to properly develop the record because the ALJ here considered evidence

other than the plaintiff's own testimony. Dkt. 8, at 6 (distinguishing specifically *Sprowl*, 794 F. Supp. 3d at 477). While it is true that the ALJ in this case considered Graboskie's medical records in addition to her testimony, as explained, the medical records said nothing about Graboskie's ability to work. *See* Dkt. 5-2, at 20-21. The ALJ thus failed to consider any evidence regarding Graboskie's ability to work apart from her own testimony. And as the Court explained in *Tiede*, an ALJ's RFC determination lacks substantial evidence where there is no evidence in the record directed at the plaintiff's ability to work apart from plaintiff's own testimony. *See* 770 F. Supp. 3d at 972.

The Commissioner also argues that the ALJ did not err by failing to base his RFC assessment on a medical opinion because he was not required to do so. Dkt. 8, at 6 (citing *Webster v. Kijakazi*, 19 F.4th 715, 718-19 (5th Cir. 2021)). The undersigned agrees that the ALJ was not required to adopt a medical opinion in rendering his RFC. However, in *Webster*, the ALJ relied on a state agency's assessment regarding the plaintiff's ability to work, including his ability to maintain attention, interact, and perform unskilled work tasks. *Webster*, 19 F.4th at 719. The ALJ in this case based his RFC determination on no such evidence; instead, he relied on medical records offering no opinion on Graboskie's ability to work. Again, this was error. *See Tiede*, 770 F. Supp. 3d. at 973.

Of course, reversal is appropriate only if Graboskie was prejudiced by the ALJ's failure to request additional information. *Id.* The undersigned concludes that she was. "'Prejudice can be established by showing that additional evidence would have

been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision.'" *Id.* (quoting *Ripley*, 67 F.3d at 557 n.22). The Commissioner contends there is sufficient evidence in the record to support the ALJ's decision and that Graboskie fails to show prejudice because she points to no evidence that would have changed the result of her case. Dkt. 8, at 5-6. Graboskie responds that "had the ALJ used one of the many options at his disposal to further develop the record with medical opinion evidence, he may have found a more limiting RFC, which could have resulted in a finding of disability." Dkt. 9, at 4.

Graboskie demonstrates prejudice here. As in *Sprowl* and *Tiede*, had the ALJ developed the record, there would be evidence on how Graboskie's conditions affect her ability to work. *See Sprowl*, 794 F. Supp. 3d at 488; *Tiede*, 770 F. Supp. 3d at 973. For example, Graboskie has a history of abdominal pain that she contends limits her ability to lift more than 10 pounds or stand up. Dkts. 5-6, at 27; 5-7, at 74-75; 5-10, at 102, 110. Medical opinions could have led to a more limiting RFC based on Graboskie's persistent abdominal pain and its effects on her ability to perform certain tasks such as lifting. Additionally, Graboskie's records demonstrate a history of stress and urge incontinence, causing her to experience leakage with certain movements and a need to rush to the bathroom when she stands up. Dkt. 5-10, at 40; *see also* Dkt. 5-6, at 27 (stating that when Graboskie squats, bends, or climbs stairs, she experiences stomach pain and urine loss). The vocational expert testified at Graboskie's hearing that Graboskie's frequent and urgent need for bathroom access could result in the need for workplace accommodation. Dkt. 5-2, at 56-57. A medical

opinion could find that such limitations prohibited Graboskie from engaging in a "good deal of walking or standing" at work as required to perform even the full range of light work. *See* 20 C.F.R. § 404.1567(b). Additional medical opinions could have led to a more limiting RFC, which could have resulted in a determination that Graboskie is disabled. *See Ripley*, 67 F.3d at 557 n.22. Graboskie was prejudiced by the ALJ's error, and reversal is appropriate.

## IV.    RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **VACATE** the decision of the Social Security Commissioner and **REMAND** this case for further proceedings consistent with this opinion.

## V.    WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District

11

Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED February 20, 2026.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE